Curia, per

Evans, J.
The defendant gave his note for the price of the land, payable at the end of twelve months; and took the plaintiff's penal bond, to make him “a lawful title, or cause it to be made,” within the same period. If these stipulations had all been in one instrument, it might be doubtful whether the plaintiff could recover without averring or proving performance, on her part; but where each party has taken his own security for the performance of the other party, there can be no pretence for saying the performance on one side is a condition precedent to the performance on the other, unless there be some express stipulation to that effect. Each party elects his own mode of coercing performance by the other. The plaintiff has taken a note, and the defendant a penal bond, which are wholly independent and disconnected with each other, and each has his action upon his own security for the non performance by the other party.
The defendant contends further, that he is entitled to a deduction of two-thirds of the price of the land, by way of *28 discount, for the share of the plaintiff’s infant child. There can be no doubt, that at the time of the sale, the plaintiff was the owner of only one-third of the land. That she could not then make a title to the whole of the land, could not have been unknown to the defendant, and was probably the reason why a bond was given. The defendant was the son-in-law of Barham Bobo, sen., and one of his executors ; and besides this, the condition of the bond is, that she “shall make him a lawful title, or cause it to be made,” within twelve months. The parties no doubt looked to the Court of Equity as the source from whence the title to the infant’s share was to be derived. Whether the order of the court confirming the sale, and ordering a title to be made for the infant’s share, was within the twelve months, was not stated at the trial; nor do I think it material. It is sufficient if a good title can now be made. Purvis ads Johnson, 1 Hill, 322. The defendant has only to pay the money, and he will be entitled to have the infant’s share conveyed to him. He has already the possession of the land; and there is no paramount title in another, from which he has sustained, or can sustain, any damage, which can be the subject of a discount in this action. The motion is dismissed.
Note. — On the subject of dependent and independent covenants, vide Pordage vs. Cole, 1 Saunders’s Reports, 319, and authorities there referred to.
The eases of Carter vs. Carter, Bordeaux vs. Cave, and Westbrook vs. M'Millan, 1 Baily. pp. 217, 250 and 259, were all actions brought upon promissory notes given for the purchase money of land, and though not bearing a strict analogy to the preceding case, yet involve the question, how far a defectin the title of the vendor may be set up as a defence in an action to recover the purchase money. In the first of these cases above referred to, it is distinctly held, that where the contracts of the parties are mutual and independent, it is not necessary to prove a tender of titles in an action upon the note, and from each of them, that a Court of Law will not, in any case, entertain cognizance of such a defence, unless equal justice can be done to the parties.
In the case of Moore and Nesbit vs. Lanham, 3 Hill, 299, it is held, that “so far as regards the construction of the covenant of warranty of title, there is no difference between real and personal property; and the courts have applied the principle of the civil law, making every covenant of general warranty of title a covenant of seisin. That covenant has always been considered as broken whenever title could be shewn in another; and it has been uniformly held that the Vendee might bring covenant on the warranty, or resist an action for the price, without actual eviction; and this, whether there has been a partial or a total failure of consideration.” Vide, Pringle vs. The Executors of Witten, 1 Bay, 254; Administrators of Bell vs. Administrators of Higgins, 1 Bay, 326; Sumpter vs, Welsh, 2 Bay, 558; Champness vs. Johnson, 2 Brevard, 268; Johns vs. Nixon, 2 Brevard, 472; Furman vs. Elmore, 2 Nott and M'Cord, 189; M'Coy vs. Collins, 1 Nott and M'Cord, 186.
*28 Richardson, O'Neall, Earle, Butler and Wardlaw, XL, concurred.
In Moore and Nesbit vs. Lanham, in reference to the cases of Bordeaux vs. Cave, Carter vs. Carter and Westbrook vs. M'Millan, it is said — “ It is supposed” that these cases “have thrown important restrictions on this rule; and have in fact excluded this sort of defence in all cases where the purchaser remains in possession. But it-will be found on examination, that each of these cases was determined on its particular circumstances. For in Carter vs. Carter, Nott, J., lays down the general rule, “that the seller of' a tract of land cannot recover the consideration money if the purchaser can shew an outstanding paramount title in another. But it must be a subsisting title, such as will deprive the party of the benefit of his purchase. So where the number of acres have fallen short, or a part has been taken off by a paramount title, the defendant has been allowed a deduction pro tanto.” In these cases the purchaser had been long in possession, had paid part of the purchase money, and it was found a Court of Law could not do adequate justice to all the parties. But in Morgan vs. Hext, Fall Term, 1829, suit brought on an obligation given for land, the defence was, that there was an outstanding title. Nott, J. “that will be a good defence if it can be sustained. It presents a simple isolated question of title, which is properly cognizable at law.”
See Scott vs. Woodside (case in Equity) as to damages recoverable on real covenants, where a defective title has been perfected by the purchaser. Carolina Law Journal, 178; and Ward vs. Revil, Ib. 181. R.